UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sheng-Wen Cheng,

    Petitioner,　　　　　　　　　　Case No. 23-cv-2152 (ECT/LIB)

v.　　　　　　　　　　　　　　　　　　　**ORDER AND**
**REPORT AND RECOMMENDATION**

Jared Rardin,

    Respondent.

  This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, upon Petitioner Shen-Wen Cheng's Petition for a Writ of Habeas Corpus, [Docket No. 1], and his Motion for Sanctions. [Docket No. 17]. Finding no hearing necessary, the Court issues the present Order and Report and Recommendation.[1]

  For the reasons discussed herein, Petitioner's Motion for Sanctions, [Docket No. 17], is **DENIED**.

  Further, for the reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

**I. Background**

  On April 20, 2021, Petitioner pleaded guilty in the Southern District of New York to one count of major fraud against the United States, one count of bank fraud, one count of securities fraud, and one count of wire fraud. <u>United States v. Cheng</u>, 21-cr-261 (AJN) Plea Hearing

---

[1] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because a hearing on the present Petition would not aid the Court in its consideration of Petitioner's claims. <u>See</u> <u>Wallace v. Lockhart</u>, 701 F.2d 719, 730 (8th Cir. 1983) (observing that dismissal of a "habeas petition without a hearing is proper . . . where the allegations, even if true, fail to state a cognizable constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

Minutes (S.D.N.Y. April 20, 2021). On August 11, 2021, Petitioner was sentenced to a 72-month term of imprisonment to be followed by a 3-year term of supervised release. United States v. Cheng, 21-cr-261 (AJN) Judgment in a Criminal Case (S.D.N.Y. Aug. 19, 2021).

Thereafter, Petitioner was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Dix"). (See Petition [Docket No. 1]). While at Fort Dix, Petitioner was subject to disciplinary proceedings ("Incident Report 3652677") after he was alleged to have improperly used the "mail for abuses other than criminal activity which circumvent[ed] mail monitoring procedures." (Response [Docket No. 22] at 1; Petition [Docket No. 1]). As a result of this disciplinary action, a Disciplinary Hearing Officer imposed sanctions upon Petitioner which resulted in the loss of twenty-seven days of good conduct time and 150 days of restrictions on Petitioner's ability to use commissary and email services. (Petition [Docket No. 1]).

On July 17, 2023, Petitioner initiated the present action by filing his Petition. [Docket No. 1]. At the time he initiated this action, Petitioner was serving his term of imprisonment at the Federal Medical Center in Rochester, Minnesota. (See Petition [Docket No. 1]). Through the present action, Petitioner challenges the disciplinary action taken against him while he was incarcerated at FCI Dix. (Id.).

After Petitioner initiated this action, the Court ordered Respondent to file a response to the present Petition by no later than September 7, 2023. (Order [Docket No. 6]). On September 5, 2023, Respondent requested and was granted an extension of his time to respond which made his response due by no later than September 20, 2023. (Order [Docket No. 10]). On September 15, 2023, Respondent requested and was granted a second extension of his time to respond to the present Petition which made his response due by no later than November 19, 2023. (Order [Docket No. 14]).

On October 30, 2023, Petitioner filed a Motion for Sanction. [Docket No. 17]. In his Motion, Petitioner seeks Rule 11(c) sanctions against Respondent based on Respondent's requests to extend his deadline to respond to the present Petition. (Mot. [Docket No. 17]; Mem. [Docket No. 18]). Petitioner seeks sanction in the form of the granting of his Petition and other "appropriate" sanctions. (Mem. [Docket No. 18]).

After the filing of the present Petition but before Respondent filed his response to the present Petition, the Bureau of Prisons conducted a review of the challenged disciplinary proceeding underlying this action "which led to the identification of case-specific evidentiary defects." (Response [Docket No. 22]). As a result of this review, the Bureau of Prisons, on November 16, 2023, expunged the disciplinary determination at issue in the present Petition. (Exhibit A [Docket No. 23-1]). The good conduct time Petitioner lost as a result of the expunged disciplinary proceeding was also restored to Petitioner. (Exhibit B [Docket No. 23-2]; Sluder Decl. [Docket No. 23] ¶ 4).

On November 17, 2023, Respondent filed his response to the present Petition. Respondent's response informed the Court of the expungement of the at issue disciplinary proceedings.

## II.   Motion for Sanctions. [Docket No. 17].

As observed above, Petitioner has filed a Motion for Sanctions, [Docket No. 17], in which he seeks Rule 11(c) sanctions against Respondent based on Respondent's requests to extend his deadline to respond to the present Petition. (Mot. [Docket No. 17]; Mem. [Docket No. 18]). Petitioner seeks sanction in the form of the granting of his Petition and other "appropriate" sanctions. (Mem. [Docket No. 18]).

3

Federal Rule of Civil Procedure 11(b), as relevant to the present proceedings, provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" "it is not being presented for an improper purpose"; "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for" changing the law; and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." The primary purpose of Rule 11 sanctions is to streamline the administration of justice by deterring baseless filings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Rule 11 also contains a safe harbor provision which requires any party moving for Rule 11 sanctions to provide at least twenty-one days of notice to the party possibly to be sanctioned before the movant may file a motion for sanctions. Fed. R. Civ. P. 11(c)(2).

On the record now before the Court, the undersigned concludes that Petitioner's Motion for Sanctions, [Docket No. 17], is without merit. As a threshold procedural matter, Petitioner has failed to comply with the safe harbor procedural requirements of Rule 11(c)(2). There is simply no indication on the record now before the Court that Petitioner provided Respondent with any specific notice of his intent to file the present Motion for Sanction before Petitioner filed said Motion. Petitioner's failure here represents a sufficient basis to deny Petitioner's Motion for Sanctions. Jones v. Fed. Bureau of Prisons, No. 9-cv-1074 (MJD/RLE), 2010 WL 3118679, at *9

4

(D. Minn. Feb. 8, 2010), report and recommendation adopted, 2010 WL 3118664 (D. Minn. Aug. 4, 2010).[2]

Moreover, Petitioner's Motion for Sanctions also fails on the merits. Petitioner seeks sanctions based on Respondent's request for additional time to respond to the present Petition, but the Court has already determined that good cause supported granting each of the requested extensions of time. (Orders [Docket Nos. 10, 14]). Other than Petitioner's conclusory assertions, there is no evidence in the record that Respondent's request for additional time to respond to the present Petitioner were made for any improper purpose, such as to harass or cause unnecessary delay. Similarly, there is no indication in the present record that Respondent's requests for additional time contained any frivolous legal contentions or unsupported factual contentions. Petitioner has failed to identify any sanctionable conduct by Respondent. At least one other Court in this District has reached the same conclusion as this Court under materially similar circumstances involving Petitioner. Cheng v. Rardin, No. 23-cv-2027 (NEB/DJF), Order [Docket No. 36] (D. Minn. Nov. 7, 2023) (denying Petitioner's motion for sanction which was an exact copy of the Motion for Sanction in the present case and based on the same conduct by Respondent).

Therefore, Petitioner's Motion for Sanctions, [Docket No. 17], is **DENIED**.

### III.   Habeas Petition. [Docket No. 1].

Through the present action, Petitioner challenges his loss of good conduct time as a result of Incident Report 3652677. (See Petition [Docket No. 1]). Specifically, Petitioner argues that the disciplinary proceedings underlying Incident Report 3652677 violated his due process rights.

---

[2] Petitioner's two letters to the Court, [Docket Nos. 15, 16], generically referencing a possible motion for sanctions if a "settlement" could not be reached in this matter, are insufficient to satisfy the safe harbor provision of Rule 11(c)(2). See Jones, 2010 WL 3118679, at *9 (collecting cases); see Cheng v. Rardin, No. 23-cv-2027 (NEB/DJF), Order [Docket No. 36] (D. Minn. Nov. 7, 2023).

As relief, Petitioner seeks an Order of this Court "vacat[ing]" disciplinary sanctions imposed upon him and "expung[ing]" Incident Report 3652677. (Petition [Docket No. 1] at 8).

Before the Court may consider the underlying merits of the present Petition, the Court must first ensure that the present Petition has not become moot since the time Petitioner filed his Writ of Habeas Corpus, [Docket No. 1], with this Court. The issue of mootness must be resolved before the Court reaches the merits of Petitioner's claim.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996)). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

If a petitioner is challenging his underlying criminal conviction, a writ of habeas corpus is not automatically mooted upon his release from custody because habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." Spencer v. Kenma, 523 U.S. 1, 9 (1998) (citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See Id. at 9. "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In the present case, Petitioner is not challenging the validity of his conviction. (See Petition [Docket No. 1]). Rather, Petitioner is challenging only the length of his term of actual imprisonment based on the loss of good conduct time as a result of the disciplinary proceeding underlying Incident Report 3652677. (See Id.).

As observed above, the present Petition seeks an Order of this Court "vacat[ing]" disciplinary sanctions imposed upon him and "expung[ing]" Incident Report 3652677. (Petition [Docket No. 1] at 8). In other words, Petitioner seeks an Order of this Court reinstating his twenty-seven days of lost good conduct time and expunging Incident Report 3652677. (See Id.). The Bureau of Prisons has, however, already expunged Incident Report 3652677 and reinstated Petitioner's twenty-seven days of good conduct time. (Sluder Decl. [Docket No. 23] ¶ 4; Exhibit A [Docket No. 23-1]; Exhibit B [Docket No. 23-2]).

Even assuming solely for the sake of argument that this Court found Petitioner's claim to have merit, there is no longer any meaningful relief which this Court could provide. Petitioner

7

sought the expungement of Incident Report 3652677 and the reinstatement of his twenty-seven days of lost good conduct time, and the Bureau of Prisons has now done so.

The present Petition has been rendered moot by the Bureau of Prisons' expungement of Incident Report 3652677 and reinstatement of Petitioner's twenty-seven days of lost good conduct time. Other Court have reached this same conclusion in circumstances materially similar to the present case. See, e.g., Jones v. Fed. Bureau of Prisons, No. 9-cv-1074 (MJD/RLE), 2010 WL 3118679, at *5 (D. Minn. Feb. 8, 2010), report and recommendation adopted, 2010 WL 3118664 (D. Minn. Aug. 4, 2010); Dorsey v. Wilson, No. 14-cv-4803 (SRN/SER), 2015 WL 3948604, at *3 (D. Minn. June 11, 2015), report and recommendation adopted, 2015 WL 3948543 (D. Minn. June 26, 2015); Jun v. Eischen, No. 22-cv-2704 (JWB/ECW), 2023 WL 5917739, at *7 (D. Minn. June 30, 2023), report and recommendation adopted, 2023 WL 5899128 (D. Minn. Sept. 11, 2023). Therefore, the present Petition is moot because there is no longer any live case or controversy to be resolved in the present case.

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008). "[A] federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) (alteration in Doe).

8

## IV. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner's Motion for Sanctions, [Docket No. 17], is **DENIED**.

Furthermore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Cheng's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

Dated: January 9, 2024                                              s/Leo I. Brisbois
                                                                    Hon. Leo I. Brisbois
                                                                    U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).